**Henry OBRON, d/b/a Advance Bag and Burlap Company, Plaintiff-Appellant,**

**v.**

**UNION CAMP CORPORATION and Bemis Company, Inc., Defendants-Appellees.**

**No. 72–1868.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 6, 1973.

Decided April 11, 1973.

Martin J. Adelman, Troy, Mich., for plaintiff-appellant; Allen M. Krass,

McGlynn, Reising, Milton & Ethington, Troy, Mich., on brief.

Edward C. Stringer, St. Paul, Minn., for Bemis Co., Inc.; Briggs & Morgan, St. Paul, Minn., Bodman, Longley, Bogle, Armstrong & Dahling, Detroit, Mich., of counsel.

Stephen R. Lang, New York City, for Union Camp Corp.; Breed, Abbott & Morgan, New York City, Dahlberg, Mallender & Gawne, Detroit, Mich., of counsel.

Before WEICK, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

■ This is an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) from the District Court's pre-trial order ruling that Appellant passed on to his customers any artificially high prices charged by Appellee Union Camp and that Appellant therefore suffered no damages for purposes of the present treble damage suit under Section 4 of the Clayton Act, 15 U.S.C. § 15. The District Court properly certified the order as involving a controlling question of law warranting this interlocutory appeal under Section 1292(b), and by an order dated July 26, 1972, this Court granted Appellant leave to appeal. The District Court's Memorandum Opinion is reported at 355 F.Supp. 902.

Appellees are manufacturers of mesh window bags used by vegetable growers to package their products. Appellant is a distributor of these bags manufactured by Appellee Union Camp.

In October 1968 Appellant filed a complaint claiming that he had been injured in his business or property by reason of Appellees' alleged monopolization and attempts to monopolize in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2, and conspiracy in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. The basis of Appellees' allegedly illegal conduct is the claim that they maintained and enforced an invalid patent relating to the manufacture of the window bags, knowing the patent to be invalid.

By agreement of the parties, the District Court made a pretrial determination respecting the applicability of the "passing-on" defense, which, if available to Appellees, would preclude Appellant's treble damage action. In ruling on this question, the District Court focused on the following undisputed practice of Appellant as a distributor of Appellee Union's bags:

"[A]fter obtaining an order from a customer for mesh window bags he would submit the order to Union and would be invoiced at Union's list price less 5%. The bags were 'drop shipped', i.e., sent directly from Union to plaintiff's customer. Plaintiff would bill his customer at Union's full list price. Thus, whatever price Union imposed on the plaintiff, the plaintiff passed on to his customer plus his 5%." 355 F.Supp. at 904.

■ For the reasons set forth in the District Court's Memorandum Opinion, we agree with the Court's conclusion that the "passing-on" defense is applicable under the stipulated facts in this suit. Although the Supreme Court's decision in Hanover Shoe, Inc. v. United Shoe Machinery Corp., 392 U.S. 481, 88 S.Ct. 2224, 20 L.Ed.2d 1231 (1968), significantly restricted the availability of this defense, we agree with the District Court's conclusion that the above method of distribution is comparable to a "preexisting 'cost-plus' contract," under which the Hanover Court suggested the defense might still be applicable. 392 U.S. at 494, 88 S.Ct. 2224. Cf. State of West Virginia v. Chas. Pfizer & Co., 440 F.2d 1079, 1086–1088 (2d Cir. 1971). Indeed, the District Court correctly characterized Appellant's discount as comparable to a sales commission and observed that "[t]he only reasonable inference is that the plaintiff himself profited by any increase in prices set by defendant Union." 355 F.Supp. at 906.

We affirm the District Court's order holding that the "passing-on" defense is valid and applicable under the facts of this case.